IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| McGINNIS, INC. | : | |
| 502 Second Street Extension | : | |
| PO Box 534 | : | Civil Action No. 10-CV-826 |
| South Point, Ohio 45680, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES MARINE, INC. | : | |
| 4500 Clarks River Road | : | |
| Paducah, Kentucky 45002, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

## DECLARATORY JUDGMENT COMPLAINT

For its Complaint against Defendant James Marine, Inc. ("James"), Plaintiff McGinnis, Inc. ("McGinnis") states as follows:

## THE PARTIES

1. Plaintiff McGinnis is an Ohio corporation having its principal place of business at 502 Second Street Extension, South Point, Ohio, 45608, in this judicial district and division. McGinnis is in the business of providing marine transportation, equipment, repair, painting and stevedoring services to the river industry, and has been in this business for almost a century.

2. Defendant James is a Kentucky corporation having a principal place of business at 4500 Clarks River Road, Paducah, Kentucky 45002. James is in the business of providing tug, barge fleeting, wheel shop, machine shop, fabrication shop, electric shop services, and barge and boat repair and painting services.

1

## JURISDICTION AND VENUE

3. This Complaint for declaratory relief arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States of America, 35 U.S.C. §1, *et seq*. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338.

4. Venue as to these claims is proper in this Court under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

5. James is subject to personal jurisdiction by virtue of its significant contacts with the State of Ohio and this District, including its operation of tug, barge fleeting, wheel shop, machine shop, fabrication shop, electric shop services, and barge and boat repair and painting services in and affecting Ohio and this District and for customers located in Ohio and this District.

## FACTS

6. This case involves U.S. Patent No. 7,837,410 ("the '410 Patent"). The '410 Patent issued November 23, 2010 from Application Serial No. 11/588,641 ("the '641 Application"). The '641 Application was published by the United States Patent and Trademark Office (USPTO) as U.S. Publication No. 2007/0098499 ("the '499 Publication"). The '499 Publication is attached hereto as Exhibit A, and the Notice of Allowability listing the claims allowed by the USPTO that will issue with the '410 Patent is attached hereto as Exhibit B. In that the newly issued '410 Patent was not available as of the filing of this Complaint, Plaintiff will supplement Exhibit B to include a copy of the '410 Patent once it becomes available.  James is the owner by assignment of the '410 Patent.   The '410 Patent purports to cover a barge transportation system and refurbishing system and a method of transporting and refurbishing barges.

7. McGinnis owns and operates a state of the art, environmentally sensitive marine construction and repair facility located at 740 County Road 1, South Point, Ohio, 45680 (the "McGinnis Repair Facility"). This facility includes marineways permitting the removal of barges from the Ohio River, and the return of barges to the river, as well as facilities for the construction or repair of tow boats and barges, including the sand blasting and painting of barges.

8. On or about November 17, 2007, counsel for James sent a letter to McGinnis referencing McGinnis' construction of the McGinnis Repair Facility, advising McGinnis of and enclosing a copy of James' '499 Publication (the publication of the application which led to the issuance of the '410 Patent), indicating that its application had been published, and quoting 35 U.S.C. § 154(d). A copy of this letter is attached as Exhibit C. 35 U.S.C. § 154(d) provides that the grant of a patent includes the right to obtain as damages a reasonable royalty from any person who, during the period after publication of the application and before issuance of the patent, has actual notice of the published application and makes, uses, offers for sale, or sells the invention as claimed in a published U.S. patent application if the invention as claimed in the published application is substantially identical to the invention as claimed in the published application. This letter from James' counsel thus threatened litigation against McGinnis to collect damages from McGinnis for operation of the McGinnis Repair Facility from the date of the letter through the issuance of the patent which ultimately issued as the '410 Patent. Thereafter, the principals of James and of McGinnis spoke on several occasions concerning this letter, James' patent application and the McGinnis Repair Facility. The principal of James indicated that, unless McGinnis obtained a license from James with respect to what thereafter issued as the '410 Patent,

James would pursue patent infringement litigation against James with respect to the McGinnis Repair Facility.

9. The McGinnis Repair Facility and McGinnis' operation thereof, including the moving of barges from and to the Ohio River via marineways and the sandblasting and painting of barges, does not infringe any valid, enforceable claim of the '410 Patent. For example, James operated barge transportation systems and refurbishing systems and methods of transporting and refurbishing barges such as those described and claimed in the '410 Patent at least one year prior to the earliest filing date of the '410 Patent. For at least this reason, the '410 Patent is invalid.

10. A justiciable case or controversy now exists between the parties in that McGinnis contends that its McGinnis Repair Facility and its operation thereof, including the moving of barges from and to the Ohio River via marineways and the sandblasting and painting of barges, does not infringe any valid, enforceable claim of the '410 Patent, while James contends that such does infringe one or more valid and enforceable claims of the '410 Patent.

## COUNT I

**(Declaratory Judgment of Non-Infringement and/or Invalidity of the '410 Patent)**

11. Plaintiff McGinnis incorporates by reference Paragraphs 1 through 10 above as if fully rewritten herein.

12. This Count of this Complaint is for a Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that no valid and enforceable claim of the '410 patent is infringed by the McGinnis Repair Facility or by McGinnis' operation thereof.

13. The '410 patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 102, 103 and/or 112.

14. The McGinnis Repair Facility and McGinnis' operation thereof do not infringe any valid, enforceable claim of the '410 patent.

4

15. To resolve the legal and factual questions raised by James' conduct, and to afford relief from the uncertainty and controversy which James' conduct has precipitated, McGinnis is entitled to a Declaration that McGinnis Repair Facility and McGinnis' operation thereof do not infringe any valid, enforceable claim of the '410 patent.

WHEREFORE, Plaintiff McGinnis Inc. prays that this Court enter judgment:

(A) Declaring that the McGinnis Repair Facility and McGinnis' operation thereof do not infringe any valid claim of U.S. Patent No. 7,837,410;

(B) Declaring that the claims of U.S. Patent No. 7,837,410 are invalid;

(C) Finding that this is an exceptional case and awarding to Plaintiff its attorneys' fees; and

(D) Awarding to Plaintiff its costs and expenses in this action and such other relief as the Court may deem just.

Respectfully submitted,

*/s/ Joshua A. Lorentz*
John D. Luken, Trial Attorney (0013326)
Joshua A. Lorentz (0074136)
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
(513) 977-8200

Attorneys for Plaintiff
McGinnis, Inc.