## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## CINCINNATI DIVISION

| | | |
|---|---|---|
| McGinnis, Inc. | ) | |
| | ) | Case No. 1:10-cv-00826 |
| Plaintiff, | ) | |
| | ) | **Judge Michael R. Barrett** |
| v. | ) | |
| | ) | |
| James Marine, Inc. and | ) | |
| Paducah River and Painting, Inc. | ) | |
| | ) | |
| Defendants, | ) | |

## DEFENDANTS' MOTION FOR STAY WITH LIMITED DISCOVERY AND MEMORANDUM IN SUPPORT

COME NOW Defendants, Paducah River Painting, Inc. ("PRP") and James Marine, Inc. ("James Marine") (collectively "Defendants"), by and through their undersigned attorneys, and in interests of judicial economy and prevention of wasteful and duplicative litigation, hereby jointly move this Honorable Court for a stay of all proceedings in this cause of action and for an order of limited discovery - which all parties agree needs to be conducted - into the threshold jurisdictional and venue matters raised in the parties' battling motions currently pending before this Court and the United States District Court for the Western District of Kentucky, Case No. 5:10-cv-00202-TBR (the "First Filed Kentucky Case").[1]  A proposed Order accompanies this motion.

### I.     INTRODUCTION

On November 23, 2010, at seven minutes past midnight (00:07 AM EST), PRP filed a patent infringement suit in the Western District of Kentucky alleging infringement

---

[1] PRP is concurrently filing a "sister" motion in the First Filed Kentucky Case seeking a simultaneous stay of all proceedings with limited discovery as likewise outlined in this

of its U. S. Patent 7,837,410 (the "Paducah Patent") by McGinnis, Inc. ("McGinnis") - the Plaintiff in the present cause of action - as well as McGinnis' related companies McNational, Inc. ("McNational") (McGinnis' parent company), and National Maintenance & Repair of Kentucky, Inc. ("NMRKy") (collectively "Kentucky Defendants"), styled *Paducah River v. McGinnis, Inc., et al.*, Case No. 5:10-cv-202-TBR (the "First-Filed Kentucky Case") (a copy of the electronic filing receipt for the First-Filed Kentucky Case is attached hereto as Exhibit 1; a copy of the Complaint filed in the First-Filed Kentucky Case is attached hereto as Exhibit 2) [2].

Later that morning, at 12:30 AM EST, on November 23, 2010, McGinnis filed its original Complaint For Declaratory Judgment (d/e 1) in this case (the "Original Ohio Complaint"), requesting that this Court declare the Paducah Patent invalid and not infringed by McGinnis. (*See* d/e 1, ¶¶ 6 and 12-15; further, a copy of the electronic filing receipt for the Original Ohio Complaint is attached hereto as Exhibit 3). However, the Original Ohio Complaint erroneously alleged that James Marine – not PRP - owned the Paducah Patent. Apparently recognizing the inaccuracy in failing to name PRP as the patent owner, McGinnis late in the afternoon, at 4:34 PM EST, on November 23, 2010, filed its Amended Complaint For Declaratory Judgment (d/e 4), adding PRP as a Defendant, while confusingly maintaining James Marine as a Defendant (the "Amended Ohio Complaint") (a copy of the electronic filing receipt for the Amended Ohio Complaint is attached hereto as Exhibit 4).

---

Motion.

[2] All of the Exhibits attached to and referenced in this Motion and Memorandum are hereby incorporated by reference herein.

Since the filing of these Complaints, the parties have filed multiple dueling threshold motions in this Court and in the Western District of Kentucky to dismiss and/or transfer.  (d/e 17; d/e 19; d/e 21; Exhibit 5 (PRP/James Marine Motion to Enjoin McGinnis From Proceeding With Duplicative Litigation in Ohio); Exhibit 6 (Kentucky Defendants Motion to Dismiss); Exhibit 7 (Kentucky Defendants Motion to Stay, Motion to Transfer Case)).  Replies to those motions will soon be due, and none of the motions have yet been decided.  Hence, this Court and the Western District of Kentucky have the initial task of determining before litigation begins in earnest which court will ultimately hear the dispute between the parties.

McGinnis does not dispute that these preliminary motions will require discovery on those issues in order to fully brief the Courts.  (January 13, 2011 Letter from Mr. Luken to Mr. Cunningham, p. 1, attached hereto as Exhibit 8; January 27, 2011 Letter from Mr. Luken to Mr. Cunningham, p. 1, attached hereto as Exhibit 9).  In fact, Defendants have agreed that some limited discovery relating to the pending motions in this Court and the Western District of Kentucky is in order.  (January 24, 2011 Letter from Mr. Cunningham to Mr. Luken, p. 1 attached hereto as Exhibit 10).

Unfortunately, McGinnis has taken the position that the case in Ohio should nonetheless proceed even before these preliminary issues are decided.  (Exh. 9, p. 1; January 18, 2011 Electronic Mail from Mr. Luken to Mr. Cunningham, p. 1, attached hereto as Exhibit 11).  In this regard, McGinnis urges that the parties negotiate a proposed Scheduling Order for this entire case despite the fact that Defendants have pending motions challenging whether this Court is the proper forum for this case and whether James Marine has been misjoined, and neither Defendant has yet filed an

Answer or any Counterclaims.  (*Id*.).  Hence, due to the lack of a stay, the parties are already being forced to engage in premature, duplicative and, in Defendants' view, unnecessary litigation.

For these reasons, it is sensible for both Courts to grant stays of all proceedings with orders for limited discovery directed to the matters in the parties' pending motions, where all such discovery (that is not ruled objectionable) shall be available for use in either Court.  Once this Court and the Western District of Kentucky determine the proper forum for this dispute, the stay can be lifted and the lone path of litigation can proceed in the appropriate Court.  There will be no prejudice to any party, and this approach will avoid unnecessary duplicative litigation and its associated wasted costs consistent with the Federal Rules and related case law.

## II.    LAW AND ARGUMENT

### A.    District Courts Are Vested With, And Encouraged To Utilize, Their Inherent Authority To Stay Proceedings And Order Limited Discovery On Threshold Motions Relating To Potentially Dispositive Matters Such As Jurisdiction And Venue.

It is well recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket *with economy of time and effort for itself, for counsel, and for the litigants*."  *Landis v. North American* Co., 299 U.S. 248, 254 (1936) (emph. added); *see* Rules 1, 26(b)(2)(c) and 26(c) Fed.R.Civ.P.  "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Id.* at 254-55 (citing with approval *Kansas City Southern R.. Co. v. U.S.*, 282 U.S. 760, 763 (1931); *Enelow v. N. Y. Life Ins. Co.*, 293 U.S. 379, 382 (1935)).  Both the Sixth Circuit and the Federal Circuit have encouraged district courts to apply this approach.  "Limitations on

pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citing and quoting with approval *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). "When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved." *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999). Indeed, as the District Court of Colorado has noted, "the public interest is served by avoiding what the parties characterize as unnecessary expenses associated with duplicative litigation." *Bierer v. Metropolitan State College*, 2009 WL 2242209 * 2 (D. Colo. July 24, 2009)(attached as Exhibit 12)(citing to Rule 1 Fed.R.Civ.P., "instructing that the Federal Rules 'should be construed and administered to secure the just, speedy, and *inexpensive* determination of every action and proceeding) (emph. in orig.).

As discussed in this very District, "'[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" *Playa Marel, P.M., S.A. v. LKS Acquisitions, Inc.*, 2007 WL 756697 * 8 (S.D. Ohio March 8, 2007) (attached as Exhibit 13) (quoting *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) and *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999), *cert. denied,* 529 U.S. 1020 (2000)). The *Playa Marel* Court went on to explain: "When deciding whether to stay discovery, a court must weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would result from a denial of discovery." *Id.* (citing with approval *Nabi Biopharmaceuticals v. Roxanne Labs., Inc.*, 2006 WL 3007430 at * 1

(S.D. Ohio Oct. 20, 2006)).  "Further, '[w]hen a stay rather than a prohibition is sought, the burden on the party requesting the stay is less than if he were requesting a total freedom from discovery.'"  *Id.* (quoting with approval *Nabi*, 2006 WL 30074430 at * 1, therein citing *Marrese v. Amer. Academy Of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983) *rev'd on other gnds*., 470 U.S. 373 (1985)).

While recognizing that "[a] stay is not ordinarily granted to a party who has filed a 'garden variety' 12(b)(6) motion," (*Id.* at * 8) (citing with approval *Nabi*, 2006 WL 30074430 at * 2), the *Playa Marel* Court nonetheless recognized that a stay is appropriate where one of the parties has "presented a reasonable argument that they may be unnecessarily burdened if discovery is permitted prior to resolution of their motion to dismiss" and where the opposing party has "not shown that they will be harmed by a stay of discovery."  *Id.* at * 8.  The *Playa Marel* Court indeed granted the stay requested.  *Id.*

Staying proceedings with limited discovery is a reasonable approach regularly adopted by many federal district courts across the country, including in this very district.

*See, e.g., Playa Marel,* 2007 WL 756697 (S.D. Ohio March 8, 2007) (discussed *supra*);

*Gettings  v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304-05 (6th Cir. 2003) (upholding district court ruling staying all discovery pending outcome of early summary judgment motion related to jurisdiction);

*Fitzgerald v. Texaco, Inc.*, 521 F.2d 448, 451 n3 (2nd Cir. 1975) (upholding district court ruling staying all proceedings except limited discovery related to pending motion to dismiss based upon *forum non conviens*);

*Wallace v. Healthone*, 79 F.Supp.2d 1230, 1231 (D. Colo. 2000) (granting stay of all proceedings except limited discovery re facts concerning pending jurisdictional motions);

*Tuttle v. Funmobile Games, Inc.*, 2007 WL 3171433 * 3 (W.D. Wash. Oct. 26, 2007) (attached as Exhibit 14) (ordering 45 day stay of all proceedings except for limited discovery re personal jurisdiction);

*Hale v Ashcroft*, 2009 WL 801726 * 1 (D. Colo. March 24, 2009) (attached as Exhibit 15) ("Courts have routinely recognized that a stay is warranted while the issue of jurisdiction is being resolved."); and

*Ernest v. Lockheed Martin Corp.*, 2008 WL 927665 * 5 (D. Colo. April 4, 2008) (attached as Exhibit 16) (ordering 30 day stay of all proceedings except for limited discovery re subject matter jurisdiction).

**B.      In This Case, Staying All Proceedings And Ordering Limited Discovery Into All Matters Related To The Parties' Pending Threshold Jurisdiction And Venue Motions Is Appropriate To Avoid Duplicative Litigation.**

As stated by the *Playa Marel* Court, a stay is appropriate where one of the parties has "presented a reasonable argument that they may be unnecessarily burdened if discovery is permitted prior to resolution of their motion to dismiss" and where the opposing party has "not shown that they will be harmed by a stay of discovery." 2007 WL 756697 at * 8.  Here, PRP and James Marine in this Motion present to the Court "a reasonable argument that they will be unnecessarily burdened" if the Court does not issue a stay of proceedings with limited discovery.  Further, McGinnis cannot show that it will be harmed by such a stay and imposition of limited discovery.  Accordingly, there is no need, and indeed, it would be wasteful and a burden to the parties and the Courts, to

proceed with any litigation in either Court, other than limited discovery on threshold jurisdictional and venue issues, until after the proper forum is determined.

        1.       <u>This Court should stay all proceedings and order limited discovery on threshold jurisdictional and venue issues because PRP and James Marine have shown that they will otherwise shoulder an unnecessary burden unless this Court stays the proceedings as sought in this Motion.</u>

       Both the Plaintiff McGinnis and Defendants PRP and James Marine have filed multiple threshold motions in this Court and in the Western District of Kentucky concerning which Court has jurisdiction and which Court is the proper forum in which to hear the dispute between the parties concerning the Paducah Patent.  (d/e 17; d/e 19; d/e 21; Exh. 5; Exh. 6; Exh. 7).  These are not "garden variety" motions to dismiss.  *Playa Marel*, 2007 WL 756697 at * 8.  Rather, this Court and the Western District of Kentucky are faced with multiple cross-purposed motions to dismiss and/or transfer based upon the "first to file rule" (d/e 21; Exh. 5; Exh. 7), lack of personal jurisdiction (d/e 17), lack of subject matter jurisdiction or failure to state a claim (Exh. 6), and even misjoinder (d/e 19).  Currently, responses to these threshold motions are due this week, on February 3 and 4, 2011 and on February 11, 2011.  (*See* d/e 31; d/e 32; S.D.Ohio.Civ.P. 7.2(a)(2); Exh. 6; Exh. 7; Joint Local Rules of Civil Practice for the United States District Courts for the. Eastern and Western Districts of Kentucky LR 7.1(c)).  However, any such responses would be incomplete and possibly inaccurate unless and until the parties explore limited discovery into the factual matters in those motions.  Both parties have agreed that limited discovery regarding such jurisdictional and venue facts should be conducted.  (Exh. 8, p. 1; Exh. 9, p. 1; Exh. 10, p. 1).

Further, the parties are currently under the obligation to confer with one another and to present the Court with a Proposed Scheduling Order by February 8, 2011, and to hold a Scheduling Conference with the Court on February 15, 2011.  (Notice of Hearing, January 5, 2011).

However, this is premature because Defendants PRP and James Marine have not answered Plaintiff's Amended Complaint and have not yet alleged infringement of the Paducah Patent by McGinnis or any other potential parties.  Under the Scheduling Order proposed by McGinnis (attached as Exhibit 17), PRP (as the owner of the Paducah Patent) would be required under the S.D. Ohio Local Patent Rules, to serve on March 17, 2011 a "Disclosure of Asserted Claims and Infringement Contentions" (*see* S.D.Ohio.Pat.R. 103.2), which will likely be before Defendants have even answered Plaintiff's Amended Complaint or asserted any counterclaims[3].

In addition, if the Kentucky Court is the court that ultimately presides over this case, its case management schedule could be quite different than that of this Court. Hence, there will be tremendous waste of expense, time and effort in having to go through the scheduling order preparation, execution and compliance in different courts over different time periods with different deadlines, rules, judges and court docket loads. Hence, already multiple near-term deadlines loom that would impose inefficient and

---

[3] Defendants note that S.D.Ohio.Pat.R. 102.1(b) contemplates the implementation of multiple Scheduling Conferences as may be appropriate in a given case, to the extent that some or all of the matters provided for in S.D.Ohio.Pat.R102.1(a)(1)-(3) are not resolved in the Initial Scheduling Conference.  In accord with this Rule, Defendants suggest – if the Court does not outright adopt Defendants' proposed limited discovery schedule included in Section II.C. of this Motion - utilizing the pending Initial Scheduling Conference for the purpose of discussing and setting a limited discovery schedule to explore the threshold jurisdiction and venue matters in the parties' pending motions.  Thereafter, if this Court retains the dispute, a further Scheduling Conference could be set pursuant to S.D.Ohio.Pat.R. 102.1(b) to address the full case after Defendants file their answers and any counterclaims they may assert.

duplicative litigation on the parties, and unnecessary burdens upon PRP and James Marine.

Moreover, the resolution of the matters argued in the parties' threshold motions will necessarily result in dispositively ending the litigation in one of the two Courts (d/e 21; Exh. 5; Exh. 7) and possibly ending the litigation entirely for one or more of the parties (d/e 17; d/e 19; Exh. 6).  Consequently, because this case will ultimately rest in only one of the two Courts, any litigation forced upon the parties other than that required to ascertain proper venue will constitute an unnecessary burden on the parties and on the Court that does not retain the case.  *Gettings*, 349 F.3d at 304; *Vivid Techs.*, 200 F.3d at 804; *Bierer*, 2009 WL 2242209 at * 2 ("the public interest is served by avoiding what the parties characterize as unnecessary expenses associated with duplicative litigation").

Each of the parties' pending motions asserts positions that concern facts that require limited discovery.  Some of the topics include, for example, PRP's contacts with Ohio, the location and operation of McGinnis' accused operation, McGinnis' using, selling, offering for sale, the accused system and method, James Marine's ownership and assignment of the Paducah Patent, and James Marine's interactions with McGinnis relating to the Paducah Patent.  In fact, even McGinnis concedes that the pending threshold motions cannot be fully briefed unless and until such discovery occurs.  (Exh. 8, p. 1; Exh. 9, p. 1).  Accordingly, until limited discovery is conducted, further efforts on responses to the pending threshold motions would be pointless.  It is therefore only reasonable to stay proceedings and set a limited discovery schedule to enable the parties to explore these matters before full litigation begins.  *Gettings*, 349 F.3d at 304; *Vivid Techs.*, 200 F.3d at 804.  Accordingly, this Court should grant Defendants' Motion and

stay all proceedings other than limited discovery into the matters in the parties' pending

threshold motions.

> 2.   <u>This Court should further stay all proceedings and order limited discovery because there will be no prejudice to McGinnis resulting from such an Order.</u>

McGinnis cannot show that it will be harmed by such a stay and imposition of

limited discovery.   While McGinnis may attempt to argue that it will be prejudiced

because it wishes to remove the cloud of doubt over its operation as soon as possible,

such an argument cannot stand.   As evidenced by the prompt filing of PRP's First Filed

Kentucky Case (<u>Exh. 2</u>), PRP is as anxious, or even more anxious, to move forward as

expeditiously as possible in pursuing its claims against McGinnis and the other named

defendants.   Nonetheless, PRP recognizes the propriety and efficiency in first resolving

the forum matters before delving into the substance of the case in multiple jurisdictions.

Further, as its own pleadings make clear, McGinnis has been operating the

accused facility for over three years after it received written notice from James Marine of

the patent application that resulted in the issuance of the Paducah Patent.  (d/e 4, ¶¶ 8, 9,

11; d/e 31, pp. 2-3; d/e 32, pp. 3-4).   Hence, McGinnis has no pressing need to

prematurely burst into the substance of this case before resolution of the proper forum.

Moreover, it is McGinnis' "Second-in-Time" Complaints filed in this Court, and

it is McGinnis' unwillingness to agree to a transfer to the Western District of Kentucky,

that have brought about the need to battle over the forum.  McGinnis should therefore not

be heard to assert now that a stay with limited discovery into the matters brought about

by McGinnis' own actions will somehow prejudice McGinnis.

3. This Court should further stay all proceedings and order limited discovery to disrupt activities that are already beginning to unnecessarily increase the costs of this litigation.

One such example of the type of duplicative litigation that may occur concerns this Court's pending Scheduling Conference, currently scheduled for February 15, 2011, and all attending obligations on the parties associated with that conference, including the prior party interactions to prepare and jointly file a Proposed Scheduling Order by February 8, 2011. (Notice of Hearing, January 5, 2011). Pursuant to Local Rules, the parties must meet and confer, and then present to the Court with a proposed scheduling order at the Scheduling Conference. (*Id.*; S.D.Ohio.Civ.R. 16.1). For patent cases, this schedule and attending party obligation is quite extensive. (S.D.Ohio.Pat.R. 102.1, 103.1-103.8). In fact, counsel for McGinnis has sent to Defendants' counsel a 6-page outline of proposed dates based upon this Court's patent litigation outline. (Exh. 17); *see also* Exh. 11.

However, pursuant to Rule 12 Fed.R.Civ.P., because the jurisdiction and venue of the current dispute has yet to be resolved, no answer or counterclaims have been filed, and no claims of patent infringement have been asserted by either Defendant in this Court. (*See, generally,* Docket). Moreover, none of the parties have had the opportunity to utilize limited discovery to explore the matters in their pending threshold motions and neither this Court nor the Western District of Kentucky has as yet had the opportunity to review, much less rule, on the parties' pending threshold motions. Hence, negotiating a case schedule, much less a patent litigation case schedule, is not only premature, it may well be wasteful if it is determined that the proper forum for this case would be in the

Western District of Kentucky.  Granting the Defendants' present Motion and issuing an Order staying all proceedings other than limited discovery will alleviate such problems.

### C.       Defendants Propose The Following Limited Discovery Schedule.

Defendants PRP and James Marine propose the following Limited Discovery Schedule limited to topics that are necessary for the Ohio and the Kentucky Courts to decide the now pending threshold jurisdictional and venue motions:

1.       Each side may serve Requests for the Production of Documents and up to ten (10) written interrogatories on each party focused on the issues raised in the pending threshold jurisdictional and venue motions.  This written discovery will be governed by the Federal Rules of Civil Procedure.

2.       Each side may be permitted to take one Rule 30(b) (6) deposition of each party and up to three (3) third party depositions.  The depositions and interrogatories taken during this expedited discovery period will not count against the number of interrogatories or depositions to be specified in the Scheduling Orders in either the Kentucky or the Ohio cases.    This discovery (to the extent is not ruled objectionable) may be used in both the Ohio and the Kentucky cases.

3.       The scope of this limited discovery shall be limited to the subject matter and issues of the parties' motions pending in the Kentucky and Ohio court.

4.       We suggest that the schedule for this limited discovery be as follows:

    a.       No later than one (1) week after the limited discovery period is ordered, both sides will file an Agreed Motion for Protective Order.

    b.       No later than one (1) week after the limited discovery period is ordered, each side may serve interrogatories and written discovery requests, with all documents and things requested to be produced and with all interrogatories to be answered no later than three (3) weeks after the requests and interrogatories are served.  These requests and

interrogatories must be served by email and by overnight express courier.

c.      Within one (1) week after the production of documents and things and the responses to the interrogatories being served, both sides may serve their respective Notices Of Deposition.

d.      The depositions will be completed within three (3) weeks of the sending of the Notices Of Deposition, subject to the reasonable scheduling of witnesses and any third party.

e.      After the discovery has been completed and after the final transcripts of all depositions have been received and any motions to compel have been resolved, each side will have two (2) weeks to file any oppositions to the pending motions.

## III.   CONCLUSION

For at least the reasons stated above, Defendants jointly urge this Honorable Court to enter its Order immediately staying all proceedings in this case and instituting limited discovery into the matters raised in the parties' pending threshold motions (d/e 17; d/e 19; d/e 21; Exh. 5; Exh. 6; Exh. 7) upon the schedule proposed in Section II.C. above, and for all such other and further relief as this Honorable Court deems just under the circumstances.

Respectfully Submitted,

s/ Edwin R. Acheson, Jr.
Edwin R. Acheson, Jr. (0043644)
FROST BROWN TODD LLC
2200 PNC Center, 201 E. Fifth Street
Cincinnati, OH 45202
(513) 651-6708 phone
(513) 651-6981 fax
eacheson@fbtlaw.com
*Trial Counsel for Defendants*

McPherson D. Moore, *admitted pro hac vice*
William B. Cunningham, *admitted pro hac vice*
POLSTER, LIEDER, WOODRUFF &
LUCCHESI, L.C.
12412 Powerscourt Dr., Suite 200
St. Louis, MO 63131
(314)238-2400 phone
(314)238-2401 fax
mmoore@polsterlieder.com
wcunningham@polsterlieder.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was

filed on February 1, 2011 with the Court via CM/ECF system thereby effectuating service

via electronic means upon the following:

John D. Luken, Trial Attorney (0013326)
Joshua A. Lorentz (0074136)
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
(513) 977-8200

Attorneys for Plaintiff McGinnis, Inc.

s/ Edwin R. Acheson, Jr.
Edwin R. Acheson, Jr. (0043644)

CINLibrary 0120955.0582494  2246540v1